HAREIS, J.,
delivered the opinion of the Court.
The plaintiff in error' exhibited his petition to the Circuit Court of HeKalb, for writs of certiorari and supersedeas to have removed into said Court an execution issued by a justice of the peace against him, to the end that the same might be quashed.
The petition, (which was sworn to), alleges that the execution was against one Chrisman, as principal, and *227 himself as “ stayor,” and he most positively denie’s that he ever entered himself as security for the stay of the execution, or authorized any. other person to do so. Upon the trial of this question in the Circuit Court, the defendant read to the jury from the justice’s docket, an entry opposite the judgment of the plaintiff against Chrisman, as follows: “ Stayed by Luke McDowell, order on file.” This entry was proved to be in the hand writing of Atnip, the justice, who rendered the judgment.
The defendant then offered to read to the jury his petition, in which he had denied, under oath, that he had ever entered himself as security for the stay of said execution, or authorized any other person so to enter him; to the reading of which the plaintiff objected, and the objection was sustained by the Court. It was also proved that the justice who issued the execution had broke jail, where he had been confined for some offence, and had fled to parts unknown.
The defendant’s counsel requested the Court to charge the jury, “ that if the defendant alleged in his petition that he did not stay the execution, or sign an order to that effect, and the justice’s .docket showed that an order of stay had been given, purporting to be from the defendant, that it would devolve upon the plaintiff in the judgment to prove the genuineness of the order of stay.
This the Court refused to charge, but charged that “the presumption of law was, that the justice of the peace did his duty, and he did not place the name of defendant as stayor of the execution, without authority from him to do so. That if the execution recited that *228 be was such stayor, and the justice’s docket showed the same thing, this was prima facie evidence of the fact, and would throw upon the defendant the onus of showing that the justice had put his name down as stayor, without sufficient authority.”
To this charge the defendant excepted: the jury found for the plaintiff, upon which judgment was rendered, and the defendant has prosecuted a writ of error to this Court.
In refusing to permit the defendant, in the Court below, to read his petition to the jury, there is no error. It is clear that the party could not thus make evidence for himself. The office of the petition is to bring to the notice of the Court, the grounds upon which the party seeks relief from the judgment or execution complained of, and to obtain the writs prayed for; and in this case, was in the nature of, and in effect was, a plea of non est factum: and on the trial it could be relied upon by the defendant for no other purpose.
We think, however, that the instructions given to the jury are erroneous. It appears from the evidence, that the name of the defendant was entered as surety for the stay of execution upon what purports to be his order, but in his petition he denies on oath that he had ever executed the order; this certainly, upon well settled principles, threw the burden of proof upon the party seeking to set up and avail himself of the benefit of the order. . The entering of a stay of execution is in nature of a confession of judgment, and where either is done by an order, or power of attorney, it is prima facie good, until the defendant denies on oath the *229 execution of the authority; but when this is done, it devolves upon the party seeking 'to avail himself of the judgment to establish by proof the execution of the authority under which the agent acted.
The judgment must be reversed, and the cause remanded for another trial.